1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

JENS ERIK SORENSON,

12

Plaintiff,

v.

13
14

DORMAN PRODUCTS, INC., et al.,

15

Defendants.

CASE NO. 09cv1579 BTM(CAB)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, TRANSFER OR STAY**

16
17
18
19

Before the Court are two motions filed by Defendant Dorman Products, Inc.: a Motion to Dismiss for Failure to State a Claim (Doc. 8) and a Motion to Dismiss, Transfer or Stay (Doc. 9).  For the reasons explained below, Defendant's Motion to Dismiss is **DENIED** and the Motion to Dismiss, Transfer or Stay is **GRANTED in part** and **DENIED in part**.

20
21

## I. BACKGROUND

22
23
24
25

Plaintiff is the trustee of Sorensen Research and Development Trust.  On June 9, 2009, Sorensen's then counsel sent Defendant Dorman Products, Inc. a demand letter with a notice of patent infringement.  The patent at issue was United States Patent Number 4,935,184, which is owned by the Trust.

26
27
28

After further correspondence between Plaintiff and Dorman, on June 26, 2009 Dorman filed suit for declaratory judgment in the Eastern District of Pennsylvania to determine the rights of the parties with respect to the '184 Patent.  Pending before the Pennsylvania court

1  are two motions: Sorensen's motion to dismiss for lack of personal jurisdiction, and Dorman's

2  motion to enjoin Sorensen from proceeding with this case.

3       Almost a month after the Pennsylvania action was filed, Plaintiff filed this suit on July

4  21, 2009, alleging infringement of the '184 Patent and seeking unspecified damages.  On

5  August 20, 2009, Dorman filed its Motion to Dismiss for Failure to State a Claim.  On the

6  same day, Dorman filed its Motion to Dismiss, Transfer, or Stay, which invokes the first-to-file

7  rule and seeks one of three alternative forms of relief: (1) dismissal of the present suit, (2)

8  transfer of this suit to the Pennsylvania district court; or (3) stay of this action.

9

10                          **II.  DISCUSSION**

11  1.     Motion to Dismiss for Failure to State a Claim

12       Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth

13  a "short and plain statement of the claim showing that the pleader is entitled to relief," and

14  "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

15  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When reviewing a motion to

16  dismiss, the allegations of material fact in plaintiff's complaint are taken as true and

17  construed in the light most favorable to the plaintiff.  See Parks Sch. of Bus., Inc. v.

18  Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be

19  accepted as true—not legal conclusions.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

20  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements, do not suffice."  Id.  Although detailed factual allegations are not required, the

22  factual allegations "must be enough to raise a right to relief above the speculative level."

23  Twombly, 550 U.S. at 555.  Furthermore, "only a complaint that states a plausible claim for

24  relief survives a motion to dismiss."  Iqbal, 129 S.Ct. at 1949.

25       Dorman's first argument supporting its motion to dismiss is that the allegations in the

26  Complaint are too vague and conclusory, and the Complaint must be dismissed under the

27  heightened standard set forth in Twombly and Iqbal.  The Court disagrees, and holds that

28  the allegations in the Complaint, though minimal, are enough to state a claim for relief.

1      The Federal Circuit, in a post-<u>Twombly</u> decision, stated that the following allegations

2 were sufficient to state a cause of action for patent infringement: "(1) an allegation of

3 jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant

4 has been infringing the patent by making, selling, and using [the device] embodying the

5 patent; (4) a statement that the plaintiff has given the defendant notice of its infringement;

6 and (5) a demand for an injunction and damages." <u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d

7 1354, 1356–57 (Fed. Cir. 2007). Plaintiff has pled facts supporting each of these elements,

8 and has identified two specific products—the "Ergo Stripper" and the "Crimper"—that

9 allegedly infringe on Plaintiff's '184 Patent. The alleged facts are plausible, sufficiently

10 specific, and form an adequate basis for Plaintiff's infringement claim. <u>See</u> <u>Bender v.</u>

11 <u>Broadcom Corp.</u>, No. 09cv1147 MHP, 2009 WL 3571286, at *4 (N.D. Cal. Oct. 30, 2009)

12 (denying motion to dismiss under <u>Twombly</u> and <u>Iqbal</u> standard even where complaint listed

13 virtually all defendant's products because list could include infringing products).

14      Dorman's second argument supporting dismissal is that because Plaintiff notified

15 Dorman of the infringement only after the '184 Patent had already expired, Dorman cannot

16 be held liable for any damages. Dorman relies on 35 U.S.C. § 271(g), which states

17
18
19
> [w]hoever without authority imports into the United States or offers to sell, sells,
> or uses within the United States a product which is made by a process
> patented in the United States shall be liable as an infringer, if the importation,
> offer to sell, sale, or use of the product occurs during the term of such process
> patent . . . .

20 Dorman also relies on 36 U.S.C. § 287(b)(2), which provides that

21
22
23
> [n]o remedies for infringement under section 271(g) of this title shall be
> available with respect to any product in the possession of, or in transit to, the
> person subject to liability under such section before that person had notice of
> infringement with respect to that product . . . .

24
25
Dorman argues that §§ 271(g) and 287(b)(2) apply squarely to this case and because it

received a notice of infringement after Plaintiff's patent had already expired, this suit must

be dismissed.

26
27
28
     Dorman's argument is unavailing for two reasons. First, although §§ 271(g) and

287(b)(2) do limit damages for the unauthorized importation, sale, or use of a product made

by a patented process to only those damages arising during the term of the patent and after

1  the infringer has received notice, those provisions are inapplicable at this early stage in the

2  litigation.  See Infosint, S.A. v. H. Lundbeck A/S, 612 F. Supp. 2d 402, 404 (S.D.N.Y. 2009).

3  On a motion to dismiss, the Court cannot consider Dorman's assertion that it received notice

4  only after the '184 Patent had expired, and it must accept as true the facts pled in the

5  Complaint.  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d at 1484.  And although Plaintiff's

6  Complaint does not allege the date Dorman received notice, alleging notice is not required

7  for claims based on process patents, like the patent at issue here.  Am. Med. Syss., Inc. v.

8  Med. Eng'g Corp., 6 F.3d 1523, 1538 (Fed. Cir. 1993).   Thus, Dorman's argument is

9  premature and is better suited for a motion for summary judgment.

10       The second reason Dorman's argument is unavailing is that §§ 271(g) and 287(b)(2)

11  do  not  apply  to  all  of  Plaintiff's  claims.   Those  sections  only  apply  to  unauthorized

12  importation, sale, offer for sale, or use of a product made by a patented process.  See 36

13  U.S.C. §§ 271(g), 287(b)(2).  But they do not apply to the *manufacture* of a product using a

14  patented process.  See id.  Here, Plaintiff has alleged that Dorman *made* products using

15  Plaintiff's patented process. (Compl. ¶ 10.) The Court must accept these allegations as true,

16  despite Dorman's assertion that it merely imports the accused products and does not

17  manufacture them.  Plaintiff's allegation that Dorman made products using its patented

18  process is not covered by the damages-limitation provision in § 287(b)(2).  See 36 U.S.C.

19  § 287(b)(2).  Thus, even if the Court assumed Dorman received notice of infringement only

20  after the '184 Patent expired, Plaintiff's claim that Dorman impermissibly *manufactured*

21  products using Plaintiff's patented process would still survive.

22       For the foregoing reasons, Dorman's Motion to Dismiss for Failure to State a Claim

23  is **DENIED.**

24

25  2.   Motion to Dismiss, Transfer, or Stay

26       Dorman's Motion to Dismiss, Transfer, or Stay invokes the first-to-file rule and seeks

27  one of three alternative forms of relief: (1) dismissal of the present suit, (2) transfer of this suit

28  to the Pennsylvania district court; or (3) stay of this action.  Plaintiff opposes the motion,

1   arguing that the first-to-file rule is inapplicable, and even if it did apply, this suit falls within

2   an exception.

3       "There is a generally recognized doctrine of federal comity which permits a district

4   court to decline jurisdiction over an action when a complaint involving the same parties and

5   issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc.,

6   678 F.2d 93, 94–95 (9th Cir. 1982).  This doctrine is called the first-to-file rule, and it states

7   that the court that first acquired jurisdiction generally should try the lawsuit. Id. at 95.  The

8   first-to-file rule, however, is not a rigid one.  Id.  Rather, the rule is meant to serve the

9   purpose of promoting judicial efficiency.  Id.

10      Here, the Pennsylvania action was filed first, and the issues and parties in both

11  actions are the same.  Nevertheless, the interests of judicial efficiency weigh heavily against

12  outright dismissal or transfer.  This Court has approximately thirty cases before it arising out

13  of the '184 Patent—the same patent at issue here.  The large number of related cases before

14  this Court will allow it to conserve judicial resources and more efficiently resolve this dispute.

15  Moreover, allowing the case to remain here avoids the possibility of inconsistent claim

16  constructions and validity determinations.    Thus, consideration of "[w]ise judicial

17  administration, . . . conservation of judicial resources, and comprehensive disposition of

18  litigation," Pacesetter, 678 F.2d at 95 (quoting Kerotest Mfg Co. v. C-O-Two Fire Equipment

19  Co., 342 U.S.180, 183 (1952)), direct that this case should remain in this district.

20      The Court finds that under the circumstances in this case, justice and expedience

21  require an exception to the first-to-file rule.  See Genentech Inc. v. Eli Lilly & Co., 998 F.2d

22  931, 937 (Fed. Cir. 1993) ("The general rule favors the forum of the first-filed action . . . .

23  Exceptions, however, are not rare, and are made when justice or expediency requires . . .

24  ."), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

25  Accordingly, Defendant's motion to dismiss and motion to transfer are **DENIED.**

26      The Court, however, does find cause to grant Defendant's motion to stay.  This Court

27  has stayed all matters involving the '184 Patent pending its reexamination by the United

28  States Patent and Trademark Office.  The outcome of that reexamination could have a

significant impact on the outcome of these cases.  More specifically, if the PTO ultimately invalidates the '184 Patent, any resources expended in this case would be wasted.  The Court concludes that a reasonable stay is appropriate in this case because the litigation is in its early stages, Defendant has not established undue prejudice, and the reexamination will simplify issues for the Court and save expense for the parties.  See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss (Doc. 8).  The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to dismiss, transfer, or stay this case (Doc. 9).  The Court **STAYS** this case until the United States Patent and Trademark Office concludes its reexamination of the '184 Patent.   If it appears that the reexamination will not be completed within a reasonable time, Plaintiff or Defendant may move to vacate the stay.  Any party may apply to the Court for an exception to the stay to avoid any specific prejudice.

**IT IS SO ORDERED.**

DATED:  November 24, 2009

Honorable Barry Ted Moskowitz
United States District Judge

6

09cv1579 BTM(CAB)